UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONALD WILLIAMS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-360 |
| § | |
| GEOVERA SPECIALTY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER REMANDING CASE

Ronald and Maria Williams (Plaintiffs) sued GeoVera Specialty Insurance Company (GeoVera) in the County Court at Law, District Court Section of Kleberg County on July 16, 2014. D.E. 1-3, 1-4. The lawsuit alleges state law claims for breach of contract, negligence, negligent misrepresentation, fraud, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act for intentional and knowing conduct, including underpayment of their homeowner's policy claim for hail and windstorm damage. D.E. 1-3. GeoVera was served with summons on July 28, 2014, and answered the suit on August 4, 2014. D.E. 1, 1-5. GeoVera then timely removed the case to this Court on August 27, 2014. D.E. 1.

According to the Notice of Removal (D.E. 1), federal jurisdiction is predicated exclusively on diversity jurisdiction. 28 U.S.C. § 1332. It is undisputed that the citizenship of the parties is diverse. Pending before the Court is Plaintiffs' Motion to Remand (D.E. 6), arguing that the $75,000.00 amount-in-controversy requirement of 28

U.S.C. § 1332 is not met. For the reasons set out below, the Motion to Remand (D.E. 6) is GRANTED.

When Plaintiffs filed their state court petition, it contained on its face the following disclaimer:

> The total damages sought by Plaintiff [sic] against Defendants [sic] for all elements of damage does [sic] not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs. Plaintiff [sic] will not seek or accept any damages, recovery or award that may be rendered in the above-captioned matter in excessive [sic] of $74,999.00. Further, Plaintiffs herein hereby renounces [sic] any judgment in excessive [sic] of $74,999, exclusive of interest and costs which might be rendered in his [sic] favor.

D.E. 1-3, pp. 5-6. Attached to the Petition was a Stipulation, which reads as follows:

> Plaintiffs, RONALD AND MARIA WILLIAMS, hereby stipulate that the amount in controversy in the above-styled and numbered cause does not exceed the sum or value of $74,999.00, exclusive of interest and costs. Specifically, RONALD AND MARIA WILLIAMS, Plaintiffs, stipulate and agree that the "amount in controversy" includes any and all damages, exclusive of interest and costs, of which Plaintiffs seek to recover by and through the lawsuit filed herein.
>
> Plaintiffs, RONALD AND MARIA WILLIAMS, understand that this stipulation will be filed with the Court and understand that the stipulation will bind the parties in the above-referenced lawsuit to the terms stated herein and through their legal counsel hereby agree that they will refuse to execute on the amount exceeding $74,999.00.
>
> Counsel for Plaintiffs, Douglas Pennebaker of the PENNEBAKER LAW FIRM, agrees to waive any award in excess of $74,999.00.

D.E. 1-3, p. 26.  This stipulation is signed by attorney Douglas E. Pennebaker and is notarized.  According to GeoVera, the party that bears the burden of proving federal court jurisdiction,[1] Plaintiffs' disclaimer was not pled in good faith and the stipulation was not sufficiently clear, acknowledged, and binding on Plaintiffs (as opposed to their counsel).

The argument that the pleading was not made in good faith is predicated, in part, on Texas Rule of Civil Procedure 47, which provides that plaintiffs plead damages in specific increments, none of which increments indicate a $75,000.00 threshold.  GeoVera offers no authority that suggests that such a variance from the Rule 47 increments is any indication of bad faith.  While Plaintiffs' pleading was likely formulated to defeat federal jurisdiction in addition to complying with Rule 47, that additional purpose and specificity does not necessarily qualify as "bad faith" requiring the Court to disregard it.

GeoVera also asserts that Plaintiffs' claims trigger policy coverage amounts in excess of $75,000, along with other actual, additional, or exemplary damages that could easily bring the total amount in controversy to a sum exceeding this Court's jurisdictional limits.  Ordinarily, this Court would agree that, if the nature of the pleadings would allow a judgment in excess of the necessary amount in controversy, then ambiguous, bad faith, or disingenuous arguments about the potential monetary judgment could be viewed with skepticism and the Court could infer a greater amount.  *See generally*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Here, however, Plaintiffs are not making a post-removal argument that their ambiguous pleadings should be construed to limit their potential recovery to an amount

---

[1] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

less than $75,000.00. Instead, Plaintiffs expressly limited their damages in their pleading in the state court and filed a stipulation to support that pleading. While a plaintiff is not permitted to manipulate jurisdiction with disingenuous, ambiguous, and non-binding pleadings as to damages, a plaintiff can be held to his own definitive pleading, supported by binding stipulation. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995). The Court rejects GeoVera's argument that the capped damages pleading was not in good faith and should be disregarded.

GeoVera's challenge to the legal sufficiency of Plaintiffs' stipulation is based on three arguments: (1) that a party may be relieved from the effect of a stipulation, meaning that stipulations are never fully binding; (2) that the stipulation binds only Plaintiffs' counsel and not Plaintiffs, and (3) the stipulation, itself, is ambiguous. D.E. 8. The Court disagrees with each of these arguments.

The case upon which GeoVera relies to indicate that parties can be relieved from their stipulations, *Brinson v. Tomlinson*, 264 F.2d 30, 34 (5th Cir. 1959), was not concerned with amounts in controversy or subject matter jurisdiction. Instead, it was an Internal Revenue Service tax case in which stipulations were considered binding, rejecting the application of any rule allowing that stipulations be set aside when entered under a misapprehension or without full knowledge of all the facts, or as the result of mistake. There is no argument here that Plaintiffs entered into their stipulation under a misconception of its significance.

GeoVera's argument that the stipulation is improperly executed without authority is both speculative and moot. For an agreement regarding the prosecution of a lawsuit to

be binding in Texas, the agreement need only be in writing, signed, and filed of record. Tex. R. Civ. P. 11. All of those requirements were met here. Acknowledgment and notarization are not required. While GeoVera argues that attorney Pennebaker might have executed the stipulation without authority from his clients, there is no evidence to support any finding in that regard. Attorney Pennebaker is the attorney of record for Plaintiffs (D.E. 1-3) and, absent a sworn, written motion raising a challenge, his authority to act on their behalf is presumed. Tex. R. Civ. P. 7, 8, 12, 13. Again, should the stipulation be set aside for any reason, GeoVera's right to remove would be triggered at that time.

Last, GeoVera argues that the stipulation, itself, is ambiguous and therefore insufficient to bind Plaintiffs. Courts, in unpublished cases, have expressed approval of a form of such a stipulation that includes language to the effect of: "I will not accept damages exceeding $75,000." *See Ditcharo v. United Parcel Service, Inc.*, 376 Fed. App'x 432, 437 (5th Cir. 2010) (per curiam); *Tovar v. Target Corp.*, No. SA–04–CA–557–XR, 2004 WL 2283536, 2004 U.S. Dist. LEXIS 20160, *2–3, 10–14 (W.D. Tex. Oct. 7, 2004). The language of Plaintiffs' stipulation is not appreciably different. In both their pleading and their stipulation, they clearly renounce any right to recover more than $74,999.00, exclusive of interest and costs. The Court rejects GeoVera's challenge to the sufficiency of the stipulation.

## CONCLUSION

For the reasons set out above, the Court finds that the amount-in-controversy requirement of 28 U.S.C. § 1332 is not met in this case. Therefore, this Court does not

be binding in Texas, the agreement need only be in writing, signed, and filed of record. Tex. R. Civ. P. 11. All of those requirements were met here. Acknowledgment and notarization are not required. While GeoVera argues that attorney Pennebaker might have executed the stipulation without authority from his clients, there is no evidence to support any finding in that regard. Attorney Pennebaker is the attorney of record for Plaintiffs (D.E. 1-3) and, absent a sworn, written motion raising a challenge, his authority to act on their behalf is presumed. Tex. R. Civ. P. 7, 8, 12, 13. Again, should the stipulation be set aside for any reason, GeoVera's right to remove would be triggered at that time.

Last, GeoVera argues that the stipulation, itself, is ambiguous and therefore insufficient to bind Plaintiffs. Courts, in unpublished cases, have expressed approval of a form of such a stipulation that includes language to the effect of: "I will not accept damages exceeding $75,000." *See Ditcharo v. United Parcel Service, Inc.*, 376 Fed. App'x 432, 437 (5th Cir. 2010) (per curiam); *Tovar v. Target Corp.*, No. SA–04–CA–557–XR, 2004 WL 2283536, 2004 U.S. Dist. LEXIS 20160, *2–3, 10–14 (W.D. Tex. Oct. 7, 2004). The language of Plaintiffs' stipulation is not appreciably different. In both their pleading and their stipulation, they clearly renounce any right to recover more than $74,999.00, exclusive of interest and costs. The Court rejects GeoVera's challenge to the sufficiency of the stipulation.

## CONCLUSION

For the reasons set out above, the Court finds that the amount-in-controversy requirement of 28 U.S.C. § 1332 is not met in this case. Therefore, this Court does not

have subject matter jurisdiction to proceed. This action is REMANDED to the County Court at Law (District Court Section), Kleberg County, Texas, the court from which it was removed.

ORDERED this 31st day of October, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE